UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joanne Harles-Wilson,                                        Civil No. 16-cv-2758 (FLN)

        Plaintiff,

        v.                                                                         **ORDER**

Nancy A. Berryhill,
Acting Commissioner of Social Security,

        Defendant.

___

Mac Schneider, for Plaintiff.
Gregory G. Booker, Assistant United States Attorney, for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (ECF No. 22). Plaintiff seeks $9,576.73 in attorney's fees for a total of 47.8 hours of work at an enhanced rate of $200.35 per hour. For the reasons set forth below, Plaintiff's motion for attorney's fees (ECF No. 22) is **GRANTED**.

## I. BACKGROUND

Plaintiff initiated this action seeking judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her claim for social security benefits. *See* Compl., ECF No. 1. The Court reversed the ALJ's decision and remanded the matter for further proceedings. *See* Order, ECF No. 20. The Court held that the ALJ erred in failing to explain the weight given to Harles-Wilson's treating physician, and erred in failing to consider the factors outlined in SSR 06-03p with regard to the weight given to Pam Thompson, a licensed clinical social worker. *Id.* In doing so, the Court remanded on two of Plaintiff's seven challenges. *Id.* Counsel for

Plaintiff now seeks attorney's fees under 28 U.S.C. § 2412(a), and asks the Court to award her $9, 576.73 for 47.8 hours at an enhanced rate of $200.35. ECF No. 23, Ex. 3. The Commissioner opposes an award of attorney's fees and argues that she was substantially justified in defending the ALJ's decision. ECF No. 26. Alternatively, the Commissioner asks the Court to adjust the amount of fees awarded to Plaintiff to reflect that Plaintiff only achieved partial success on her seven assertions of error. *Id.* at 5–6.

## II. ANALYSIS

The Equal Access to Justice Act ("EAJA") requires a court to award costs, fees, and other expenses incurred by a party that prevails against the United States in any non-tort-related civil action "including proceedings for judicial review of agency action . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government bears the burden of proving that its position was substantially justified or that special circumstances make an award unjust. *Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008).

A party "prevails" under 28 U.S.C. § 2412 if she secures a judgment that reverses the Commissioner's denial of disability benefits and remands the case for further proceedings. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). Here, there is no dispute that Plaintiff was the prevailing party, nor does the Commissioner challenge the requested hourly rate. *See* ECF No. 26. Instead, the Commissioner asks the Court to deny Plaintiff's request for attorney's fees because the Commissioner's position was substantially justified. *See id.*

The position of the Commissioner is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person," meaning that it has a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988); 28 U.S.C. § 2412(d)(1)(A). "A 'substantially

justified' position is one that is 'clearly reasonable, well-founded in law and fact, and solid, though not necessarily correct.'" *Strom v. Astrue*, No. 07-150 (DWF/RLE), 2008 WL 2098107, at *2 (D. Minn. Apr. 28, 2008) (quoting *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003)).

The Commissioner argues that her position was substantially justified because the Court did not find that the ALJ erred with regard to each of Plaintiff's seven asserted challenges. ECF No. 26. The Court rejects this argument. In its Order, the Court specifically found that the ALJ's decision was not supported by substantial evidence in the record, and the ALJ erred in failing to explain the weight given to Harles-Wilson's treating physician, and in assessing the factors in SSR 06-03p with regard to Harles-Wilson's licensed clinical social worker. *See* ECF No. 19. In doing so, the Court held that the ALJ's decision overall was not within a reasonable zone of choice. Therefore, the Court finds that the Commissioner's position was not substantially justified, and Plaintiff is entitled to an award of attorneys fees.

The Court also rejects the Commissioner's argument that Plaintiff's requested EAJA fees should be reduced. Where a party has prevailed on the merits and obtained complete relief, her attorney is entitled to recover all hours reasonably expended, even if the court has rejected certain grounds raised by the party. *See Hensley v. Eckerhart*, 461 U.S. 424, 432–36 (1983); *see also Commissioner, INS v. Jean*, 496 U.S. 154, 154 (1990) (the district court has the discretion to adjust the amount of fees awarded to a prevailing party). As the Commissioner has acknowledged, the social security record in this matter was extensive. Having reviewed the billing records, the Court is satisfied that the amount of time expended and the fees are reasonable. *See Halverson v. Astrue*, No. 08-784 (JNE/SRN), 2009 WL 2256380 (D. Minn. 2009). Accordingly, the Court finds that Plaintiff is entitled to attorney's fees in the amount of $9,576.73.

## III. ORDER

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's motion for attorney's fees (ECF No. 22) is **GRANTED.** Plaintiff is awarded attorney's fees in the amount of $9,576.73.

DATED: August 2, 2018 <u>*s/Franklin L. Noel*</u>
FRANKLIN L. NOEL
United States Magistrate Judge